UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CAROLYN JOHNSON,

                      Plaintiff,

-against-

FORDHAM UNIVERSITY and ANTHONY CIORRA,

                      Defendants.

------------------------------------------------------------x

2-4-16

1:11-cv-04670 (ALC)

**ORDER ADOPTING MAGISTRATE JUDGE DOLINGER'S REPORT AND RECOMMENDATION**

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff Carolyn Johnson brought a lawsuit against her former employer, Defendant Fordham University, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. She alleged that the University and her immediate supervisor, Father Anthony Ciorra, had discriminated against her on the basis of her gender. At the close of discovery, the parties entered into settlement negotiations, supervised in part by Magistrate Judge Michael Dolinger. On March 18, 2015, at a conference supervised by Judge Dolinger, the parties came to an agreement on "basic terms" to resolve the lawsuit. However, following that conference, the parties proved unable to agree to the terms required for a written settlement document.

    On July 7, 2015, Defendants moved to enforce the agreement, over Plaintiff's opposition. This Court referred the matter to Judge Dolinger for a Report and Recommendation.[1] (Report and Recommendation, ECF No. 106 ("Report").) Following oral argument, Judge Dolinger issued a Report recommending that the Court deny Defendants' motion. Defendant filed

---

[1] The case was later reassigned to Magistrate Judge Ronald L. Ellis.

1

objections to that Report. The Court now overrules those objections and adopts Judge Dolinger's Report in part.

## BACKGROUND

The Court assumes familiarity with the facts as recounted in Judge Dolinger's Report.

## LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). The Court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F.Supp.2d 157, 159 (S.D.N.Y. 2000). When a timely objection is made to the magistrate's recommendations, however, the Court reviews the contested portions *de novo*. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Objections must be filed "within fourteen days after being served with a copy" of the Report. 28 U.S.C. § 636(b)(1)(c).

Objections must be "specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," the Court should review only for clear error. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quoting Vega v. Artuz, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (internal quotation marks omitted); see also Seifts v. Consumer Health Sols. LLC, 61 F. Supp. 3d 306, 310 (S.D.N.Y. 2014). This is because "[i]t is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same

arguments and positions taken in the original papers submitted to the Magistrate Judge." Id. (quoting Camardo v. General Motors Hourly–Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)) (internal quotation marks omitted).

## DISCUSSION

Defendants object to the Report for several reasons. Plaintiff responds to Defendants' Objections and also contends that Defendants' objections were not timely filed.

### I. Timeliness of Objections

As a preliminary matter, Plaintiffs argue that Defendants did not timely file their objections and therefore the Court should conduct only clear error review. This argument is without merit. Judge Dolinger's Report, issued September 24, 2015, directed that any objections be submitted within fourteen days. (Report 23.) Defendants did not file their Objections until October 14, 2015—more than fourteen days after the Report was filed. Pursuant to 28 U.S.C. § 636(b)(1) the parties had "fourteen days after being served with a copy . . . [to] serve and file written objections." As calculated under Fed. R. Civ. P. 6(a), this would ordinarily set October 8, 2015, as the deadline for objections.

However, Fed. R. Civ. P. 6(d) provides a party with an additional three days to serve and file an objection when service is effectuated by electronic means. See also Fed. R. Civ. P. 5(b)(2)(E). Because the Report was delivered via "electronic means," i.e. the ECF filing system, the deadline to submit objections extended to October 11, 2015. That date was a Sunday and the following day was a legal holiday. Where the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C); see also Fed. R. Civ. P. 6(a)(6)(A). Therefore, the deadline was extended to October 13, 2015, the date the Objections were filed.

3

Other courts, when faced with similar arguments regarding objections to Reports that were filed electronically, have also treated objections as timely filed where the objections were filed by the Fed. R. Civ. P. 6(d) deadline. See, e.g., Stemcor USA, Inc. v. Miracero, S.A. de C.V., 66 F. Supp. 3d 394, 398, n.26 (S.D.N.Y. 2014) (collecting cases); Prince of Peace Enterprises, Inc. v. Top Quality Food Mkt., LLC, No. 07 Civ. 349 (LAP), 2015 WL 456645, at *2 (S.D.N.Y. Feb. 3, 2015) (same). The Court will do so here.

## II.     Enforceability of Agreement

Judge Dolinger determined that the oral agreement placed on the record at the March 18, 2013, conference was not binding, as the parties did not intend to be bound until the agreement was reduced to writing. Judge Dolinger also *sua sponte* determined that to the extent a binding agreement was reached, each side rescinded it. Defendants raise objections to each of these determinations.

Many of Defendants' Objections are the same essential arguments that Defendants made in support of their motion to enforce settlement (see generally Def.'s Mot. Enforce, ECF No. 101 ("Def.'s Mot."), 8-9, 9-10, 10-11, 12; Def.'s Objections, ECF No. 100 ("Def.'s Obj."), 12, 13-16, 17-18, 18-20, 21-22.) "It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." Ortiz, 558 F. Supp. 2d at 451 (quoting Camardo, 806 F.Supp. at 382). "The district court will . . . review the report and recommendation for clear error where a party's objections are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." Seifts, 61 F. Supp. 3d at 312 (quoting Ortiz, 558 F. Supp. 2d at 451) (internal quotation marks omitted).

Having reviewed those objections that are merely perfunctory responses rehashing the same arguments as set forth in the original motion for clear error, the Court finds none. The Court now reviews *de novo* those objections that are targeted at particular findings in the Report.

### a. Did the Parties Intend to be Bound?

Defendants argue that Judge Dolinger ignored relevant facts and misapplied caselaw in the course of determining that the parties did not intend to be bound until the agreement was reduced to a signed writing. The Second Circuit has specified four factors (the "Winston factors") to guide the court's inquiry into whether the parties intended to be bound by an agreement absent a document executed by both sides:

> "(1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing."

Ciaramella, 131 F.3d at 322 (citing Winston v. Mediafare Ent'mt Corp., 777 F.2d 78, 80 (2d. Cir. 1986). Defendants' objections are framed in reference to those four factors.

### i. Express Reservation

First, Defendants argue, "Judge Dolinger's report specifically ignores that the parties expressed an intent to be bound in the absence of a writing when they insisted that the Oral Settlement Agreement be read on the record in order to ensure a binding settlement." (Def.'s Obj. 14; see also Donnelly Decl., ECF No. 100, ¶ 9.) If it were true that all parties explicitly agreed that they wished their oral agreement to be put on the record to ensure a binding agreement, that would surely undercut Judge Dolinger's finding as to the first Winston factor. However, Plaintiff disputes this account (Johnson Decl., ECF No. 103, ¶¶ 5-7), and aside from Defendants' own self-serving affirmation, there is no evidence to support Defendants' assertion.

That affirmation does not establish that the parties expressly agreed to be bound and is in fact outweighed by the evidence, thoroughly combed through by Judge Dolinger, evincing an implicit reservation, by both sides, of the right not to be bound in the absence of a signed writing. See Galanis v. Harmonie Club of City of New York, No. 13 Civ. 4344 (GHW), 2014 WL 4928962, at *13 (S.D.N.Y. Oct. 2, 2014) (citing Janneh v. GAF Corp., 887 F.2d 432, 437 (2d Cir. 1989)) (rejecting a party's assertion that he felt pressured to enter into a settlement agreement where there was no evidence to support that assertion outside the party's "own self-serving and conclusory affirmation"); see also BellSouth Telecommc'ns, Inc. v. W.R. Grace & Co. Conn., 77 F.3d 603, 615 (2d Cir. 1996) (self-serving and conclusory affirmations, without more, are insufficient to create a triable issue of fact for the purpose of defeating summary judgment).

Defendants next object to Judge Dolinger's interpretation of an Order of Discontinuance issued by this Court after the March 18, 2015, settlement conference. That Order began, "It having been reported . . . that this case has settled," and concluded by discontinuing the case without prejudice to restoring it to the Court's calendar upon application within 45 days. (ECF No. 86.) Judge Dolinger did not interpret this Order as a signal that a binding agreement had been reached. But Defendants object that his finding ignored controlling law and that the phrase "has settled" carries conclusive weight. (Def.'s Obj. 15.) Having reviewed the matter *de novo*, this Court agrees with Judge Dolinger. The case on which Defendants rely does not support their argument. That case involved an Order indicating that the action "has been or will be settled," and discontinuing the case without prejudice to restoring the case to the Court's calendar upon application. Powell v. Omnicom, 497 F.3d 124, 132 (2d Cir. 2007). The Second Circuit noted that the inclusion of both "has been" and "will be settled" suggested that the parties had not yet settled the case. But it also noted that "the language with respect to restoring the action upon

application suggests that the settlement was not yet binding." Id. That same language is included in the Order at issue here. Regardless of whether the Order read "will settle" or "has settled," the Second Circuit has made clear that the restoration provision weighs in favor of finding that any agreement is not yet binding.

Third, Defendants object that Judge Dolinger based his conclusion that they did not make an express reservation on distinguishable caselaw. In his Report, Judge Dolinger relied on two cases for the general proposition that where the parties do not expressly state that the agreement is contingent on a negotiated written contract, the Court may also look to whether the litigants shared that implied assumption. (Report 10 (citing Sprint Commc'ns Co. L.P. v. Jasco Trading, Inc., 5 F. Supp. 3d 323, 332 (E.D.N.Y. 2014); Lyman v. New York & Presbyterian Hosp., No. 11 Civ. 3889, 2012 WL 6135354, at *5 (S.D.N.Y. Dec. 11, 2012)). Defendants are certainly correct that the specific facts of those two cases—both involving settlements wherein no terms were placed on the record—are distinguishable from the present case. But Judge Dolinger relied on them for the general principle that "[w]here there is no express reservation, the language and conduct of the parties can nevertheless reveal such an intent," Sprint, 5 F. Supp. at 332, a principle found throughout Second Circuit caselaw. See, e.g., Winston, 777 F.2d at 81 ("Although neither party expressly reserved the right not to be bound prior to the execution of a document, language in the correspondence [between the parties, and between the parties and the court] does reveal such an intent."); Lindner v. Am. Exp. Corp., No. 06 Civ. 3834 (JGK), 2007 WL 1623119, at *6 (S.D.N.Y. June 5, 2007) ("Although this factor is phrased in terms of 'express' reservations, courts . . . also analyze whether the particular facts and circumstances of the case . . . demonstrate an implied reservation of the right not to be bound until the execution of a written agreement.").

Judge Dolinger relied on these cases for only one additional point: the similarly well-accepted proposition that the presence of a merger clause in a written draft of a settlement agreement "is persuasive evidence that the parties did not intend to be bound prior to the execution of a written agreement." Ciaramella, 131 F.3d at 324; see also Winston, 777 F.2d at 81-82; Nieves v. Cmty. Choice Health Plan of Westchester, Inc., No. 08 Civ. 321 (VB), 2011 WL 5531018, at *3 (S.D.N.Y. Nov. 14, 2011). Judge Dolinger's reliance on this caselaw was appropriate and his analysis was not dependent on the specific facts in any of the cases. Having reviewed the matter *de novo*, the Court agrees with Judge Dolinger's conclusion that the caselaw militates in favor of a finding that the parties expressly reserved their right to be bound.

  ii. **Partial Performance**

Judge Dolinger determined that there was no partial performance, the second Winston factor. Defendants' objection to this determination is drawn almost verbatim from their initial motion to enforce. (Def.'s Mot. 9-10; Def.'s Obj. 17-18). The only new argument advanced is that the oral agreement contained all material terms and thus the drafting of the written agreement constituted partial performance, as Judge Dolinger himself allowed that "if the parties agree orally on all material terms and further agree that one side would draft a written instrument embodying those terms, the consequence of drafting might arguably amount to partial performance." (Def.'s Obj. 18.) However, as discussed below, the parties did not agree as to all material terms. Further, the parties did not agree that one side would draft a written instrument embodying the terms; while the parties did agree that the settlement was contingent on it being reduced to writing, this is distinct from the cases on which Defendants rely, where one party explicitly agreed to draft the agreement. See United States v. U.S. Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars ($660,200.00), More or Less, 423 F. Supp. 2d

14, 29 (E.D.N.Y. 2006) ("At the close of the settlement conference, as instructed by this Court and agreed to by the parties, AUSA Knuckles drafted the Stipulation and mailed it to both claimants for their execution. . . . [T]his qualifies as partial performance"); Pullman v. Alpha Media Pub., Inc., No. 12 Civ. 1924 (PAC) (SN), 2014 WL 5043319, at *10 (S.D.N.Y. Mar. 14, 2014) report and recommendation adopted as modified, No. 12 Civ. 1924 (PAC) (SN), 2014 WL 5042250 (S.D.N.Y. Sept. 10, 2014) ("[T]he parties began to perform on the agreement by exchanging and discussing drafts of the written contractual terms," where parties stated on the record which party would send the first written draft). Because the parties did not agree on all material terms and there was no provision of the oral agreement by which one party was obligated to draft an agreement, the Court agrees with Judge Dolinger's finding that the drafting of the settlement agreement did not constitute partial performance.

    iii.    **Agreement as to Terms**

Judge Dolinger concluded that the parties did not agree on all terms, as they had not discussed how terms were to be enforced or the meaning of various terms, and the written settlement agreement contained an array of substantive provisions beyond those discussed on the record. Defendants first object that Judge Dolinger ignored Second Circuit precedent, as they read his decision as requiring agreement on all terms, not merely all material terms. However, even in the case cited by Defendants, the Second Circuit allowed that "even minor or technical changes arising from negotiations over the written language of an agreement can weigh against a conclusion that the parties intended to be bound absent a formal writing." Powell, 497 F.3d at 130 (quoting Winston, 777 F.2d at 82-83) (internal quotation marks omitted). These "minor or technical" changes are relevant insofar as "they show there were points remaining to be negotiated such that the parties would not wish to be bound until they synthesized a writing

9

satisfactory to both sides in every respect." In other words, "[a] factor is whether there was literally nothing left to negotiate or settle, so that all that remained to be done was to sign what had already been fully agreed to." Id. (quoting R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 76 (2d Cir. 1984)). Here, that was clearly not the case: there was much to be negotiated and settled, from the parties to whom the non-disparagement and confidentiality provisions applied, to whether they would be enforced through a liquidated damages provision. Even if the Court were to accept Defendants' contention that the parties needed only agree on material terms, the parties clearly disagreed on substantive points, well beyond the "minor or technical" disagreements that themselves could doom the enforceability of the settlement.

In a closely related objection, Defendants argue that the inclusion of additional terms in a settlement agreement draft and/or disagreement over the meaning and scope of material terms does not demonstrate a lack of agreement. They again seem to imply that Judge Dolinger misapplied caselaw. However, the cases they cite do not sway the Court. In both cases, the parties placed all settlement terms on the record and asked the plaintiff on the record whether the terms of the agreement were acceptable to her and whether she understood that on the basis of those terms, the case would be terminated with prejudice and could not be re-opened. See Powell, 497 F.3d at 127; Milner v. City of New York, No. 10 Civ. 9384 (JGK) (GWG), 2012 WL 3138110, at *1 (S.D.N.Y. Aug. 2, 2012) report and recommendation adopted, No. 10 Civ. 9384 (JGK), 2012 WL 6097111 (S.D.N.Y. Dec. 10, 2012). In both cases, the courts found the addition of terms in written settlement agreements to be immaterial, as "[s]uch changes are relevant, however, only if they show that there were points remaining to be negotiated . . ." Milner, 2012 WL 3138110, at *5 (quoting Powell, 497 F.3d at 130). From the records in these cases, it was clear that points did not remain to be negotiated and that the parties *did* wish to be

bound prior to synthesizing a writing satisfactory to both sides. Id. Here, there was no such clear agreement, and so the many changes—both substantive and "minor or technical"—are relevant because they give further evidence that terms remained to be negotiated and the parties did not yet intend to be bound. Having reviewed the matter *de novo*, the Court finds that the parties did not agree as to the material terms.

    iv.    **An Agreement Usually Committed to Writing**

Defendants' objection to Judge Dolinger's finding that the settlement agreement was the type of agreement usually reduced to writing is a verbatim recitation of their argument in their motion to enforce. (Def.'s Mot. 12-13; Def.'s Obj. 21-22.) The only new argument advanced by Defendants is that Judge Dolinger examined the wrong settlement agreement—that is, that while the written agreement may have been too lengthy and complex to not be reduced to writing, they only seek to enforce the *oral* agreement and that "simple agreement" was stated on the record in open court and thus effectively counts as a writing to be enforced. (Def.'s Obj. 22.)

"Courts in this circuit have taken a wide range of approaches in applying this factor, which has proved to be the most unsettled of the Winston factors." Pullman, 2014 WL 5043319, at *12 (citing Pierre v. Chase Inv. Servs Corp., 10 Civ. 1740 (SAS), 2013 WL 709055, at *5 (S.D.N.Y. Feb. 25, 2013)). As Judge Dolinger noted, the Second Circuit has observed that settlements "containing perpetual rights," such as "how future request for employer references would be handled, prohibiting the employee from reapplying for employment with the defendant and imposing confidentiality requirements" are typically reduced to writing. Powell, 497 F.3d at 130. However, "[w]here an oral settlement agreement was stated on the record, courts have largely presumed that this factor favors enforcement because announcing the terms of an agreement on the record in open court functions in a manner akin to that of a memorializing

writing." Pullman, 2014 WL 5043319, at *12 (quoting Powell, 497 F.3d at 131) (internal quotation marks and alteration marks omitted).

As an initial matter, the oral agreement contained terms that would normally be reduced to writing, as it included agreements that Plaintiff would not apply for future employment with Fordham and that Fordham would provide Plaintiff with a neutral reference. (ECF No. 89.) As such, the fourth factor would only favor enforcement if, in the absence of being reduced to writing, the terms of the agreement had been memorialized on the record in open court. While Judge Dolinger did place "basic terms" on the record, that did not adequately memorialize an agreement—even an agreement absent the additional terms contained in the written draft. This is because the settlement conference here did not include the warnings and assurances of consent that other courts pointed to in finding on-the-record settlements to be the functional equivalent of written settlements. See, e.g. Powell, 497 F.3d at 129 (on-the-record stipulation binding where the parties recited the terms on the record and the plaintiff expressly assented on the record to those terms and the dismissal); Quinones v. Police Dep't of City of New York, No. 10 Civ. 6195, 2012 WL 2148171, at *1 (S.D.N.Y. Apr. 12, 2012) (oral agreement enforceable where, "[a]fter confirming the terms of the settlement with counsel for both sides, the Court asked Quinones whether he understood the terms of the settlement and whether he agreed to them," and plaintiff assented), report and recommendation adopted, No. 10 Civ. 6195, 2012 WL 2149572 (S.D.N.Y. June 13, 2012); Duff v. Comm'r of Suffolk Cnty. Police Dep't, No. 04 Civ. 1568, 2007 WL 4373444, at *3 (E.D.N.Y. Dec. 10, 2007) (oral stipulation of dismissal binding where magistrate judge "stated the clear terms of the agreement on the record and ensured that Duff's agreement to the terms was knowing and voluntary.") With those safeguards missing here, the Court cannot

find the limited on-the-record discussion to be the functional equivalent of reducing the agreement to writing. Instead, the Court adopts Judge Dolinger's determination.

Having reviewed Judge Dolinger's Report for clear error and having reviewed the objected-to portions *de novo*, this Court adopts Judge Dolinger's finding that the parties did not intend to be bound by a settlement

b. **Rescission**

As the Court finds that the parties never came to an enforceable agreement, it need not reach Judge Dolinger's findings—or Defendant's objections—regarding whether either party rescinded the agreement.

## CONCLUSION

The Court adopts the Report to the extent that it finds the parties' oral agreement unenforceable in the absence of a fully executed settlement agreement. Accordingly, this matter is restored to the Court's calendar. The Court will hold a status conference on **February 25, 2016, at 10:30 a.m.** All parties (and/or counsel) should appear in person in Courtroom 1306 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY, on the date and time specified above.

**SO ORDERED.**

**Dated:** February 4, 2016
New York, New York

**HON. ANDREW L. CARTER, JR.**
**United States District Judge**